# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America <br> v. <br> Alonzo Fenton Thomas | ) <br> ) <br> ) Case No: 1:03CR00017-001 <br> ) USM No: 07144-028 <br> ) |
| Date of Original Judgment: 01/16/2004 <br> Date of Previous Amended Judgment: <br> *(Use Date of Last Amended Judgment if Any)* | ) <br> ) Juval Scott <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 11/30/2011

Effective Date: _____ *
*(if different from order date)*

/s/ Larry J. McKinney
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

* Unless otherwise indicated, the effective date of this order shall be ten (10) days after order date.

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____ Deputy Clerk

Addendum to Order Pursuant to 18 U.S.C. § 3582(c)

Cause No. 1:03CR00017-001

Defendant Alonzo Fenton Thomas

As directed by 18 U.S.C. § 3582(c)(2), the Court has considered the relevant factors in U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a), and determined a sentence reduction is not appropriate for the following reason(s):

\_\_\_\_\_ 1) The defendant is not eligible for a reduction because the amendments listed in subsection (c) of U.S.S.G. § 1B1.10 are not applicable to the defendant.

✓ 2) The amendment is listed in subsection (c) of U.S.S.G. § 1B1.10 and is applicable to the defendant, but it does not have the effect of lowering the defendant's applicable guideline range (e.g. a statutory mandatory minimum term of imprisonment, binding plea agreement, career offender status).

\_\_\_\_\_ 3) The defendant is eligible for a reduction under this amendment, but the Court has determined such a reduction is not appropriate because of the nature and seriousness of the danger to any person or the community that may be posed by a reduction in sentence. (Application Note 1(B) of U.S.S.G. § 1B1.10.)

\_\_\_\_\_ 4) The defendant is eligible for a reduction under this amendment. However, the Court has determined the post-sentencing conduct demonstrates the defendant may pose a danger to any person or the community by a reduction in sentence. (Application Note 1(B) of U.S.S.G. § 1B1.10.)

✓ 5) Other (explain)

The defendant's guideline range is determined by the minimum statutory penalty rather than the amount of crack cocaine involved in the offense.